**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| G. JACKSON,          ) | |
|       Plaintiff,         ) | |
| vs.                          ) | No.  3:12-CV-0543-B-BH |
|                                 ) | |
| ROBERT MUELLER, et. al,  ) | |
|       Respondents.   ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, Plaintiff's *Extraordinary Writ of Mandamus* should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

On February 17, 2011, Plaintiff filed this action against Federal Bureau of Investigation (FBI) Director Robert Mueller, Environmental Protection Agency (EPA) Administrator Lisa Jackson, and Judge Gena Slaughter of the 191st Civil District Court of Dallas County, Texas.  He alleges that he has been informed that "male sex hormones have been stolen for decades in massive amounts from the inmate infirmary", that prescription pharmaceutical drugs have also been stolen, and that the drugs have been used to spike inmates' food and have been converted into "an electro-magnetic form that makes it capable of involuntarily intoxicating every living being over a 50 mile area." (Writ at 1).  This "criminality", which he calls "The Phantom Evil", is inducing "violent, psychotic, and sexually perverted criminal behavior" via the male sex hormones, and "inflicting countless fatal strokes, heart attacks, diabetes and cancer etc. that deceitfully appear from natural causes, but are actually murder" via the pharmaceutical drugs.  *Id.*  This conduct amounts to "domestic terrorism and hate crimes committed with a radiological bio-chemical weapon of mass destruction that has been discovered to emit from local jails, prisons and state hospitals" daily.  *Id.*

Judge Slaughter dismissed a similar case he filed in state court for lack of jurisdiction. *Id.* at 2-3. Plaintiff seeks to have this Court remand this case to state court and instruct Judge Slaughter to hear the case, and to instruct the other respondents to hold a televised news conference disclosing this information to the public. *Id.* at 2, 11-12.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.   <u>Jurisdiction</u>**

Plaintiff first seeks an order compelling Judge Slaughter to hear his claims.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide

a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). This Court is therefore without power to order Judge Slaughter to hear Plaintiff's case. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties).

**B.     Fantastic and Delusional Claims**

Plaintiff further seeks to require Mueller and Jackson to hold a press conference and inform the public about Plaintiff's claims.

Plaintiff alleges no factual support for his claims. Under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). Plaintiff's claims about stolen male sex hormones, drugs being fed to prison inmates that are being converted into electro-magnetic form and infecting nearby citizens, and the resulting weapon of mass destruction emitting from jails and prisons, lack an arguable basis in fact because they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28; *Kolocotronis v. Club*

*of Rome*, 109 F.3d 767 (5th Cir. 1997) (affirming the dismissal of a complaint describing a government plot to spread the AIDS virus throughout the world). Plaintiff's writ of mandamus should be dismissed as frivolous.

### III. RECOMMENDATION

Plaintiff's writ of mandamus should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 27th day of February, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE